**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

REBECCA RADIC,
Individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

AIG DIRECT INSURANCE
SERVICES, INC.,

      Defendant.
_____/

**NOTICE OF REMOVAL**

**I.      COMMENCEMENT AND SERVICE**

1.      On April 29, 2022, Plaintiff Rebecca Radic commenced this action against AIG Direct Insurance Services, Inc. ("AIG Direct"), by filing a Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court"). The action in the State Court is styled: *Rebecca Radic v. AIG Direct Insurance Services, Inc.*, Case No. 50-2022-CA-004043-XXXX-MB (the "State Court Action").

2.      The Summons and Complaint were served on AIG Direct through its Registered Agent, the Corporation Service Company ("CSC"), in Tallahassee, Florida, by Process Server on May 3, 2022. CSC served AIG Direct by Electronic Delivery on May 5, 2022. No further proceedings have occurred in this action. CSC's Notice of Service of Process, Summons and Complaint, and Standing Order constitute the only process, pleadings or papers served in this action (collectively attached as **Exhibit 1**).

## II.   GROUNDS FOR REMOVAL

3. This Notice of Removal is timely filed within thirty days of service of process upon AIG Direct, from which it was ascertained that the case is one that is removable pursuant to 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (thirty day period for removal is triggered by "simultaneous service of the summons and complaint or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).[1]

4. Further, AIG Direct is entitled to remove the entire State Court Action to this Court pursuant to 28 U.S.C. § 1331 because federal law creates Plaintiff's right of action and provides the rules of decision.

5. Specifically, Plaintiff alleges violations pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et al*. and/or its regulations promulgated by the Federal Communications Commission relating to alleged prerecorded phone calls to the Plaintiff's cellular telephone number. [**Ex. 1**, Compl. ¶¶2, 14]. Therefore, federal concern is evident as Plaintiff's claim "[a]rise[s] under" the "laws . . . of the United States." See 28 U.S.C. § 1331; *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 (2012).

---

[1] Under Federal Rule of Civil Procedure 81(c)(2)(C), "a defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods … (c) 7 days after the notice of removal is filed." Accordingly, AIG's response to Plaintiff's complaint will be due to be filed by May 31, 2022, because Monday, May 30, 2022 is a federal holiday.

### III. Venue

6. Venue lies in the United States District Court for the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff initiated this matter in this judicial district and division.

### IV. Consent

7. As AIG Direct is the lone defendant in this action, consent is unnecessary to perfect this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

### V. Notice

8. AIG Direct will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. §§ 1446(d).

9. AIG Direct will also file with the State Court, and will serve upon all parties of record, a notice of the filing of this Notice of Removal.

### VI. Jury Demand

10. Plaintiff demanded a jury trial in her Complaint.

### VII. Conclusion

WHEREFORE, AIG Direct, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to this Court.

Dated: May 23, 2022

MCDOWELL HETHERINGTON LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By:   s/Danielle E. Shure
DANIELLE E. SHURE
Fla. Bar No. 118911
danielle.shure@mhllp.com


**CERTIFICATE OF SERVICE**

I certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served a copy of this document by U.S. First Class Mail on the following:

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd.
Suite 1400
Ft. Lauderdale, FL 33301
mhiraldo@hiraldolaw.com

Michael Eisenband, Esq.
Eisenband Law, P.A.
515 E. Las Olas Blvd.
Suite 120
Ft. Lauderdale, FL 33301
meisenband@eisenbandlaw.com


s/Danielle E. Shure
Danielle E. Shure