# EXHIBIT 1



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 24873837**
**Date Processed: 05/05/2022**

| | |
|---|---|
| **Primary Contact:** | Gigi Cruz<br>American General Life Insurance Company<br>2919 Allen Parkway<br>L4-01<br>Houston, TX 77019 |
| **Electronic copy provided to:** | Debra Perlingiere<br>Gaby Lara<br>Russell Lippman<br>Ashley Cavanaugh<br>Kelsey Copeland<br>Stephanie Massey<br>Craig Valka<br>Darlene Stelly |
| **Entity:** | AIG Direct Insurance Services, Inc<br>Entity ID Number  2573770 |
| **Entity Served:** | AIG Direct Insurance Services, Inc. |
| **Title of Action:** | Rebecca Radic vs. AIG Direct Insurance Services, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Palm Beach County Circuit Court, FL |
| **Case/Reference No:** | 502022CA004043XXXXMB AF |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/03/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Hiraldo P.A.<br>954-400-4713 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Filing # 148636216 E-Filed 04/29/2022 09:23:40 AM

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

REBECCA RADIC,
individually and on behalf of all,
others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

Date: 5|3|22  Time: 8 ish
MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

AIG Direct Insurance Services, Inc.,

Defendant.

_____/

**SUMMONS**
**IMPORTANT**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

AIG Direct Insurance Services, Inc. by serving its Registered Agent,
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

EISENBAND LAW, P.A.
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (Palm Beach County Courthouse, Clerk of Court, 205 N. Dixie Hwy. West Palm Beach, FL 33401) either before service on plaintiff's attorney or immediately

1

thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on **May 02 2022**                    .



JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT

By: _____

**Deputy Clerk      Sandrine Grab**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

Filing # 148636216 E-Filed 04/29/2022 09:23:40 AM

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

**REBECCA RADIC,**
individually and on behalf of all,
others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

**AIG Direct Insurance Services, Inc.,**

Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Rebecca Radic brings this class action against Defendant AIG Direct Insurance Services, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2. To promote its business, Defendant sends prerecorded voice messages to the cellular telephones of consumers without consent to do so.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

1

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), and a citizen of Palm Beach County, Florida.

5. Defendant is, and at all times relevant hereto was, a California corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in Houston, Texas. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to specific personal jurisdiction in Florida because Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising messages into Florida and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of Prerecorded messages to Plaintiff in Florida. Plaintiff received such messages while residing in and physically present in Florida.

8. Venue for this action is proper in this Court because Plaintiff resides in Palm Beach County, Florida.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

10. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

2

11. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13. A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

14. On or about May 15, 2021 and May 26, 2021, Defendant called Plaintiff's cellular telephone number ending in 4032 (the "4032 Number") using a prerecorded voice message from the telephone numbers 800-314-8231 and 858-309-4109.

15. When Plaintiff listened to the prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live humanbeing, or is instead being subjected to a prerecorded message.").

16. Defendant's prerecorded voice calls constitutes telemarketing because the purpose

3

of the messages was to encourage Plaintiff to buy Defendant's goods and/or services.

17. Specifically, the prerecorded message asks Plaintiff to call Defendant for a free life insurance quote.

18. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

19. Plaintiff never gave Defendant her prior express written consent to call her on her cellular telephone utilizing a prerecorded marketing voice message.

20. Plaintiff is the sole user and/or subscriber of the 4032 Number.

## CLASS ALLEGATIONS

### PROPOSED CLASS

21. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

23. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder

4

of all members is impracticable.

24. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

25. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

5

**SUPERIORITY**

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
*Individually and on behalf of the Class*

31. Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

6

radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

34. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

35. It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party...." 47 U.S.C. § 227(b)(1)(B).

36. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, ...artificial or prerecorded voice ...other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made..." 47 C.F.R. § 64.1200(a)(2).

37. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

38. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

39. Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

40. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

41. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. Id.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

b. An order certifying the Class and appointing Plaintiff as Class Representative and her counsel as Class Counsel;

c. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

d. An award of actual and statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein. Specifically, Defendant should immediately obtain and preserve any prerecorded audio messages used and all call records showing the number of prerecorded audio messages sent and who those prerecorded audio messages were sent to.

DATED: April 29, 2022

                                        Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**EISENBAND LAW, P.A.**
/s/*Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
Email: meisenband@eisenbandlaw.com
Telephone: 954-533-4092